IN THE
UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

| | |
|---|---|
| DOUG MORGAN; ROBIN MORGAN; JIM SHELL; SUNNY SHELL; SHERRIE VERSHER; and CHRISTINE WADE, | ) ) ) |
| Plaintiffs/Appellees, | ) |
| | ) ) |
| v. | ) |
| | ) ) |
| LYNN SWANSON AND JACKIE BOMCHILL, | ) |
| Defendants/Appellants | ) |

_____)

UNOPPOSED JOINT MOTION FOR DIVIDED ARGUMENT
AND FOR PERMISSION FOR *AMICI CURIAE* TO
PARTICIPATE AT THE MAY 23, 2011 ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 29(g), Plaintiffs/Appellees and *amici curiae* Gathie Barnett Edmonds and Marie Barnett Snodgrass (the "Barnett sisters") jointly move this Court for permission to allow counsel for *amici curiae* to participate at the upcoming May 23, 2011 oral argument in the above-captioned case. Plaintiffs/Appellees have agreed to share ten minutes of their allotted thirty minute argument (a ten-twenty split) with counsel for *amici curiae*. Granting this motion would not require the Court to enlarge the overall time for argument. Movants conferred with counsel for Intervenor-Defendant/Appellant who do not oppose this motion.

This appeal presents the questions whether under clearly established law elementary schoolchildren are protected under the First Amendment's guarantee of free speech, and whether under clearly established law school officials may discriminate against religious viewpoints. The participation of *amici's* counsel at oral argument is likely to be helpful to the Court because *amici* have unique insights into the extent to which the First Amendment protects elementary school students under clearly established law. *Amici* served as lead plaintiffs in *West Virginia State Board of Education v. Barnette*, 319 U. S. 624 (1943), which recognized that schoolchildren have constitutional rights to freedom of expression. As lead plaintiffs in that landmark Supreme Court decision, the Barnett sisters are concerned that defendants-appellants, school principals Lynn Swanson and Jackie Bomchill, are seeking to rollback the essential First Amendment protections the Supreme Court recognized in *Barnette* and thereafter. They are also deeply concerned that Swanson and Bomchill banned student speech merely because it expressed a religious viewpoint. As schoolchildren who stood up for their First Amendment rights, the Barnett sisters have a vital stake in ensuring that this principle of neutrality prevails and protects all citizens, including those in public elementary schools.

*Amici's* counsel's participation at oral argument is also likely to be helpful to the Court to elaborate on the non-duplicative perspectives set out in the *amici*

*curiae* brief filed in support of Plaintiffs/Appellees. That brief emphasizes that Supreme Court precedent clearly establishes that elementary school students are protected under the First Amendment's free speech guarantee. It also argues that it has been clearly established by the Supreme Court that discrimination on the basis of religious viewpoint is prohibited. And it explains why the Establishment, Free Exercise, and Free Speech Clauses require an evenhanded neutrality towards religion.

In light of *amici's* substantial interest in the First Amendment freedoms of schoolchildren, and of the different perspective *amici* brought to these issues, *amici* and Plaintiffs/Appellees respectfully submit that oral presentation of their views would materially assist this Court. Plaintiffs/Appellees and *amici* therefore respectfully request that this Court grant *amici* permission to participate in oral argument in support of the Plaintiffs/Appellees, using ten of the thirty minutes of argument time allotted to Plaintiffs/Appellees.

          Respectfully submitted,

          /s/ Jackie L. White, II
          Kenneth W. Starr
          W. Mark Lanier
          Kevin P. Parker
          Jackie L. White, II
          LANIER LAW FIRM, P.C.
          6810 FM 1960 Rd. West
          Houston, TX 77069
          Telephone: (713) 659-5200
          Facsimile: (713) 659-2204

          *Counsel for Amici Curiae*
          *Gathie Barnett Edmonds*
          *and Marie Barnett Snodgrass*

Dated: May 2, 2011

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing motion of *Amici Curiae* Gathie Barnett Edmonds and Marie Barnett Snodgrass was filed electronically in compliance with Fifth Circuit Local Rule 25. As such, this motion was served on all counsel who are deemed to have consented to electronic service pursuant to Fifth Circuit Local Rule 25.2.3. In addition, the undersigned certifies that this motion was also served by electronic mail to the counsel named below on this 2nd day of May, 2011.

> Paul D. Clement
> BANCROFT PLLC
> 1919 M Street, NW, Suite 470
> Washington, D.C. 20036
>
> Kelly J. Shackelford
> Hiram S. Sasser
> LIBERTY LEGAL INSTITUTE
> 2001 Plano Parkway, Suite 1600
> Plano, Texas 75075
>
> Clyde Moody Siebman
> SIEBMAN REYNOLDS
> BURG & PHILLIPS LLP
> 300 N. Travis Street, Suite 300
> Sherman, Texas 75090
>
> Wm. Charles Bundren
> WM. CHARLES BUDREN & ASSOCIATES
> 2591 Dallas Parkway, Suite 300
> Frisco, Texas 75034
>
> *Counsel for Plaintiffs-Appellees*

Thomas P. Brandt
Joshua A. Skinner
FANNING HARPER MARTINSON
BRANIJT & KUTCHIN, P.C.
Two Energy Square
4849 Greenville Avenue, Suite 1300
Dallas, Texas 75206

*Counsel for Defendants-Appellants
Lynn Swanson and Jackie Bomchill*

                                                            /s/ Jackie L. White, II

May 2, 2011